UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRUZ CASTILLO, | ) 1:05CV1765 |
| | ) |
| Petitioner | ) JUDGE CHRISTOPHER BOYKO |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| JULIUS WILSON, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Cruz Castillo ("Castillo") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2003 felony convictions for marijuana possession and trafficking, in the Cuyahoga County, Ohio, Court of Common Pleas. (Doc. 1.) The petition is based on two grounds: 1) that his conviction was based on a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea, and 2) denial of effective assistance of counsel. Id. at §§ 12.A.-12.B. In part, these claims are based on his alleged lack of knowledge concerning the effect of his plea on his immigration status. Id. at § 11(a)(3).

Castillo has also filed a motion for an evidentiary hearing. (Doc. 18.)

I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> The record reflects that Castillo was charged with (1) drug trafficking, in violation of R.C. 2925.03; (2) possession of drugs, in violation of R.C. 2925.11; and (3) possession of criminal tools, in violation of R.C. 2923.24. After amending the indictment to reflect a lesser quantity of drugs involved, Castillo pleaded guilty to the drug-trafficking and possession-of-drugs charges in exchange for an agreed concurrent sentence of two years on each offense. The state nolled the possession-of-criminal-tools charge.
>
> Castillo was eventually sentenced as agreed.
>
> Approximately five weeks later, Castillo moved to withdraw his plea, arguing that it was not entered in compliance with Crim.R. 11. The [trial] court denied the motion.

(Doc. 13, RX 12, at 2; State v. Castillo, No. 84143, 2005 WL 77083, at *1 (Ohio Ct. App. Jan. 13, 2005).)

Castillo's motion to withdraw his guilty plea was based on his representation that he entered the plea "without knowing my rights and all the details about my case."  He claimed that his lawyer was "negligent."  (Doc. 13, RX 4.)  The motion was denied.  (Doc. 13, RX 5.)

Castillo did not file a timely appeal, but was granted leave to file a delayed appeal.  (Doc. 13, RX 8.)  Castillo's direct appeal was based on two grounds:  1) the trial court erred when it denied his Crim. Rule 32.1 motion to withdraw his guilty plea and by failing to conduct an evidentiary hearing, and 2) his plea was not knowingly, intelligently or voluntarily made because the trial court failed to address the issue of citizenship as required by Ohio Rev. Code § 2943.031.  (Doc. 13, RX 9.)

The court of appeals ruled that there was no "manifest injustice" which would permit Castillo to withdraw his plea after sentencing.  The court found that the trial court repeatedly explained the consequences of his plea, provided opportunities

for questions, and found that Castillo had conferred with counsel. (RX 12, at 3-7; Castillo, 2005 WL 77083, at *1-*3.)

As to the second ground, the appellate court found that Castillo failed to file a motion to withdraw the plea under Ohio Rev. Code § 2943.031(D), instead improperly filing the motion under Crim. R. 32.1. The court followed precedent which held that "a non-citizen defendant who premises a motion to vacate his guilty plea on Crim. R. 32.1 and not R.C. 2943.031 has waived that argument for purposes of appeal." (RX 12, at 9-11; Castillo, 2005 WL 77083, at *4-*5 (citing State v. Gegia, 157 Ohio App.3d 112, 809 N.E.2d 673 (Ohio Ct. App. 2004).) Thus, the court affirmed the ruling of the lower court.

Castillo filed an appeal with the Ohio Supreme Court on Feb. 11, 2005. (Doc. 13, RX 13.) On May 25, 2005, the Ohio Supreme Court denied Castillo leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 13, RX 14; State v. Castillo, 105 Ohio St.3d 1562, 828 N.E.2d 117 (2005)).

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Castillo has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants

who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of an Ohio statute is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The second ground of the petition is based on an alleged denial of effective assistance of counsel. (Doc. 1, at § 12.B.) In support of his second ground, Castillo asserts that he was denied his constitutional rights to due process and equal protection of the law because he received ineffective assistance of counsel. (Doc. 1, memorandum in support, at 17.) Castillo cites nine specific instances in which he contends his counsel was ineffective. Id. at 18-19.

This claim will be addressed first, because it might impact the first ground, regarding the validity of Castillo's guilty plea.

IV.  PROCEDURAL DEFAULT

The respondent argues that this claim was not presented on direct appeal, thus it has been waived.  (Doc. 11, at 14.)  Although the ineffective assistance claim was raised in his Rule 32.1 motion, Castillo did not raise it on direct appeal.  See generally RX 9; Castillo, 2005 WL 77083.

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Any ineffective-assistance claims that Castillo could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata. Coleman, 244 F.3d at 538; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus). Res judicata will apply when a defendant who is represented by new counsel on direct appeal, as Castillo was, fails to raise the issue of ineffective assistance of trial counsel. Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert. denied, 544 U.S. 1037 (2005); Monzo v. Edwards, 281 F.3d 568, 576-577 (6th Cir. 2002).

Application of this Ohio rule satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. Castillo has not shown cause or prejudice, the fourth factor under Maupin. See generally doc. 19 (traverse).

The record reflects that Castillo did not raise this claim in his direct appeal. See doc. 13, RX 9. Thus, Castillo has procedurally defaulted his second ground because the highest court in the state was not given a full and fair opportunity to rule on that claim, Rust, 17 F.3d at 160, and the Ohio doctrine of res judicata would bar any consideration of the claim in state court, Coleman, 244 F.3d at 538; Perry, 10 Ohio St.2d at 175, 226 N.E.2d at 104 (syllabus, ¶9).

## V. INVALID GUILTY PLEA

The first ground of the petition alleges that Castillo's conviction was based on a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea. (Doc. 1, at § 12.A.) In support of his first ground, Castillo argues that his guilty plea was not "knowledgeable and intelligent" because "the trial Court failed to address the issue of citizenship as required by R.C. 2943.031." (Doc. 1, memorandum in support, at 15.)

Under Ohio law, a trial court accepting a guilty plea from a non-citizen defendant "must give verbatim the warning set forth in [Ohio Rev. Code] § 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered 'may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of

the United States.'"  State v. Francis, 104 Ohio St.3d 490, 490, 820 N.E.2d 355, 356 (2004) (syllabus).

However, federal habeas relief is available only if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780; Mask v. McGinnis, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam).

The U.S. Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid.  DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam), cert. denied, 544 U.S. 921 (2005) (citing Brady v. United States, 397 U.S. 742 (1970)).  Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), cert. denied, 454 U.S. 840 (1981)).  See generally Tollett v. Henderson, 411 U.S. 258, 266 (1973) (focus of habeas inquiry is nature of advice and voluntariness of plea).

Where a criminal defendant pleads guilty on the advice of counsel, he "waives any non-jurisdictional, constitutional challenge he might have and may attack only the nature of the plea." Flowers v. United States, 208 F.3d 213, 2000 WL 125851,

at *3 (6th Cir.) (TABLE, text in WESTLAW), cert. denied, 531 U.S. 873 (2000).

Flowers quotes the Supreme Court as follows:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

Flowers, 2000 WL 125851, at *3 (quoting Tollett, 411 U.S. at 267).  In other words, a petitioner may challenge a guilty plea on the basis that his counsel's ineffectiveness prevented the plea from being knowing and voluntary.  Perez v. Wolfe, No. 2:04cv980, 2005 WL 3132324, at *5 (S.D. Ohio Nov. 22, 2005) (citing Tollett, 411 U.S. at 267).

The defendant's understanding of the consequences of a guilty plea pertains only to the direct consequences of the plea.  The trial judge is not constitutionally required to inquire or advise about the collateral effects of the plea.  United States v. Amador-Leal, 276 F.3d 511, 517 (9th Cir.), cert. denied, 535 U.S. 1070 (2002); Michel v. United States, 507 F.2d 461, 465 (2d Cir. 1974).

Similarly, counsel is only required to advise a criminal defendant of the direct consequences of his plea.  El-Nobani v. United States, 287 F.3d 417, 421 (6th Cir.), cert. denied, 537 U.S. 1034 (2002); United States v. Porter, 930 F.2d 919, 1991 WL 54878, at *4 (6th Cir. 1991) (TABLE, text in WESTLAW).  Failure to advise of the collateral consequences of a guilty plea does not constitute ineffectiveness of counsel.  El-Nobani, 287 F.3d at 421; Porter, 1991 WL 54878, at *4; Nagaro-Garbin

v. United States, 831 F.2d 296, 1987 WL 44483, at *1 (6th Cir. 1987) (TABLE, text in WESTLAW); United States v. Santelises, 509 F.2d 703, 703-704 (2d Cir. 1975) (per curiam).

The Sixth Circuit and other federal courts have held that deportation is a collateral consequence of a guilty plea, because the decision whether to deport or not is beyond the control of the district court. El-Nobani, 287 F.3d at 421; Amador-Leal, 276 F.3d at 517. Thus, the fact that Castillo may have been unaware of the deportation consequences of his plea would not make his plea unknowing or involuntary. El-Nobani, 287 F.3d at 421. Nor would his counsel's failure to advise him of the possible deportation consequences of his guilty plea constitute ineffectiveness of counsel. Id.

Castillo has not demonstrated that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## VI.  MOTION FOR EVIDENTIARY HEARING

Castillo has filed a motion for an evidentiary hearing. (Doc. 18.) The respondent argues that a hearing is unnecessary, because the case can be decided from the record. (Doc. 11, at 23.)

Castillo seeks a hearing for a fuller review of his claims. (Doc. 19, at 38.) A habeas petitioner is not entitled to an evidentiary hearing where his claims are "either barred from review or without merit." Stanford v. Parker, 266 F.3d 442, 459-460 (6th Cir. 2001), cert. denied, 537 U.S. 831 (2002); Wilson v. Kemna, 12 F.3d

145, 146 (8th Cir. 1994).  Such is the case here.  The motion for an evidentiary hearing should be denied.

## VII.  SUMMARY

The petition for a writ of habeas corpus should be denied.  As to the first ground, Castillo has not demonstrated that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Castillo has procedurally defaulted his second ground.

## RECOMMENDATION

It is recommended that the petition be denied.

Dated:   Sept. 29, 2006             /s/ Kenneth S. McHargh
                                                                               Kenneth S. McHargh
                                                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).